**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| FRAN A. FAULKNER, | ) | 3:16-cv-00215-HDM-VPC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff has filed a motion for reversal and/or remand of the defendant's denial of her claim for social security disability benefits (ECF No. 12). The defendant has filed a cross-motion to affirm (ECF No. 16). On January 4, 2017, the magistrate judge issued her report and recommendation recommending that the court grant in part the plaintiff's motion, deny the defendant's cross-motion, and remand for further proceedings (ECF No. 18). The defendant has objected to the report and recommendation (ECF No. 19). Plaintiff has not filed any response to the objections, and the time for doing so has expired.

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C.

1

§ 636 and applicable case law, and good cause appearing, the court hereby ADOPTS AND ACCEPTS in part and DECLINES TO ADOPT in part the report and recommendation of the United States Magistrate Judge (ECF No. 18).

The court adopts and accepts the report and recommendation insofar as it upholds the Administrative Law Judge's findings to which the plaintiff objected. However, the court declines to adopt the conclusion that remand is necessary because the ALJ's residual functional capacity assessment and hypothetical to the vocational expert did not include a limitation of one- or two-step tasks and instructions. (*See* ECF No. 18 at 8-10).

Each job listing in the Dictionary of Occupational Titles is categorized to one of six Reasoning Levels. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). A Reasoning Level One requires the ability to carry out "simple one- or two-step instructions"; thus, a limitation to one- or two-step tasks equates with a Reasoning Level One. *See id.* Reasoning Level Two requires the ability to carry out "detailed but uninvolved written or oral instructions." *See id.* The ALJ's RFC assessment and hypothetical provided that plaintiff could perform some detailed, but uncomplicated, tasks, and did not include a one- to two-step limitation. (*See* AR 23, 60). The RFC assessment and hypothetical thus appear to find that plaintiff can perform at a Reasoning Level Two. However, the ALJ also gave great weight to Dr. Edwards' opinion that plaintiff could perform one- and two-step tasks and instructions (AR 25) – a seeming restriction to Reasoning Level One. The ALJ's decision to give great weight to Dr. Edwards' opinion is therefore inconsistent with the RFC assessment and

2

hypothetical to the vocational expert.  The result of the RFC assessment and hypothetical was that the ALJ found plaintiff capable of performing past relevant work and other jobs in the national economy that require a Reasoning Level Two.  This included the job of prep cook that, at the time of the ALJ hearing, plaintiff had been performing for more than two years.

The court may not reverse an ALJ's decision based on harmless error.  *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). Given that plaintiff was currently performing a job that required Reasoning Level Two, any error in failing to include a restriction to Reasoning Level One was harmless.  Plaintiff's work proved she was capable of performing at a Reasoning Level Two.  At a minimum, it proved she could perform her "past relevant work" as a prep cook and therefore was not entitled to disability.  Therefore, the court concludes that remand is not required under these circumstances, and the defendant's cross-motion to affirm should be granted and the plaintiff's motion for reversal and/or remand should be denied.

In accordance with the foregoing, plaintiff's motion for remand (ECF No. 12) is DENIED, and defendant's cross-motion to affirm (ECF No. 16) is GRANTED.  The clerk of the court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: This 10th day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE